# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DENNIS DEAN SMITH, | ) | 1:11-cv-00306-AWI-JLT HC |
| Petitioner, | ) ) ) | FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1) |
| v. | ) ) | |
| H. A. RIOS, | ) ) | ORDER REQUIRING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS |
| Respondent. | ) ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant federal petition on February 22, 2011. (Doc. 1). The petition alleges that on May 31, 2006, Petitioner was sentenced to a term of life in prison in the United States District Court for the Southern District of Iowa following his conviction for conspiracy to distribute methamphetamine. (Doc. 1, p. 2). On May 15, 2007, the United States Court of Appeals, Eighth Circuit, rejected his direct appeal. (Id.).

Petitioner now brings this habeas petition, challenging his conviction in the Southern District of Iowa on the grounds that (1) his trial counsel provide ineffective assistance, and (2) Petitioner has newly discovered evidence of witness coercion. (Id., p. 3). Because the Court has determined that Petitioner's claim challenges his original sentence, and therefore should have

been brought in the trial court as a motion pursuant to 28 U.S.C. § 2255, the Court will recommend that the instant petition be dismissed.

### **DISCUSSION**

A federal court may not entertain an action over which it has no jurisdiction. <u>Hernandez v. Campbell</u>, 204 F.3d 861, 865 (9th Cir. 2000). A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir.1988); <u>Thompson v. Smith</u>, 719 F.2d 938, 940 (8th Cir.1983); <u>In re Dorsainvil</u>, 119 F.3d 245, 249 (3rd 1997); <u>Broussard v. Lippman</u>, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. <u>Tripati</u>, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. <u>Grady v. United States</u>, 929 F.2d 468, 470 (9th Cir.1991); <u>Tripati</u>, 843 F.2d at 1162; see also <u>United States v. Flores</u>, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. <u>Capaldi v. Pontesso</u>, 135 F.3d 1122, 1123 (6th Cir. 1998); <u>United States v. Tubwell</u>, 37 F.3d 175, 177 (5th Cir. 1994); <u>Kingsley v. Bureau of Prisons</u>, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); <u>United States v. Jalili</u>, 925 F.2d 889, 893-94 (6th Cir. 1991); <u>Barden v. Keohane</u>, 921 F.2d 476, 478-79 (3rd Cir. 1991); <u>United States v. Hutchings</u>, 835 F.2d 185, 186-87 (8th Cir. 1987); <u>Brown v. United States</u>, 610 F.2d 672, 677 (9th Cir. 1990).

Petitioner's allegation that his trial counsel provided ineffective assistance in violation of his federal constitutional rights and that he has newly discovered evidence that a witness was coerced by the prosecution to testify in a manner prejudicial to Petitioner. The proper vehicle for challenging such alleged errors is by way of a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, not a habeas corpus petition. Because Petitioner is, in reality, challenging his sentence, not its execution, he is precluded from bringing such a collateral attack in a petition filed pursuant to § 2241. <u>Grady</u>, 929 F.2d at 470; <u>Tripati</u>, 843 F.2d at 1162;

Nevertheless, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (*quoting* § 2255).  The Ninth Circuit has recognized that this is a very narrow exception.  Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective); Holland v. Pontesso, 234 F.3d 1277 (9th Cir. 2000) (§ 2255 not inadequate or ineffective because Petitioner misses statute of limitations); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).  The burden is on the petitioner to show that the remedy is inadequate or ineffective.  Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003), the Ninth Circuit held that the remedy under a § 2255 motion would be "inadequate or ineffective" if a petitioner is actually innocent, but procedurally barred from filing a second or successive motion under § 2255.  Ivy, 328 F.3d at 1060-1061.  That is, relief pursuant to § 2241 is available when the petitioner's claim satisfies the following two-pronged test: "(1) [the petitioner is] factually innocent of the crime for which he has been convicted and, (2) [the petitioner] has never had an 'unobstructed procedural shot' at presenting this claim." Id. at 1060.

"In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask whether petitioner's claim 'did not become available' until after a federal court decision." Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008), cert. denied __ U.S. __, 129 S.Ct. 254 (2008).  "In other words, we consider: (1) whether the legal basis for petitioner's claim

3

1  'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2)
2  whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255
3  motion." Id., citing Ivy, 328 F.3d at 1060-1061.

4       In Ivy, the petitioner, who was convicted in 1993 in Missouri district court of engaging in
5  a continuing criminal enterprise, contended in a habeas corpus petition filed pursuant to § 2241
6  in the District of Arizona, where he was confined, that he was actually innocent because the
7  indictment did not charge him with the requisite three offenses to sustain a conviction for a
8  continuing criminal enterprise. Ivy, 328 F.3d at 1058. After an unsuccessful appeal, Ivy filed
9  motions pursuant to § 2255 in 1995, 1997, and 1999. Id. The original motion was denied on its
10 merits, while the second and third motions were denied as second and successive motions. Id. In
11 2000, Ivy filed his federal habeas petition in the Arizona district court. Id. The district court,
12 however, dismissed the petition because Ivy had not shown that § 2255 was either inadequate or
13 ineffective. Id.

14      In affirming the district court's dismissal, the Ninth Circuit employed the two-part test
15 discussed above, i.e., that petitioner must show he is factually innocent of the crime for which he
16 had been convicted and that he has never had an "unobstructed procedural shot" at presenting
17 this claim. Id. at 1059. In explaining that standard, the Ninth Circuit stated:

> In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He *must never have had* the opportunity to raise it by motion.

20 Id. at 1060 (emphasis supplied). Applying that standard, the Ninth Circuit rejected Ivy's claims,
21 holding  that the law regarding continuing criminal enterprises had not changed subsequent to his
22 conviction and that he had indeed had an opportunity to raise such a claim in the past. Id. at
23 1061.

24      Here, Petitioner makes no claim of actual innocence. However, even if the Court were to
25 construe his claim of newly discovered evidence as one of actual innocence, the reasoning in Ivy
26 would still be dispositive of this case. The burden is on the petitioner to show that the remedy is
27 inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963). This
28 Petitioner has failed to do.

First, it does not appear to the Court that Petitioner has ever presented a § 2255 motion to the court of conviction, i.e., the Southern District of Iowa. Although Petitioner appends to his petition a handwritten copy of such a motion, he also includes a letter from his prison case manager, dated November 3, 2008, stating that Petitioner was unable to submit his § 2255 motion to the Southern District of Iowa because of a prison lock-down from August 6-25, 2008. (Doc. 1, p. 48). Later in the petition, Petitioner acknowledges that his § 2255 motion was "time barred denied" and that he "couldn't mail it to the court" because of the lock-down. (Id., p. 51). Petitioner has not presented any document establishing that he actually filed such a motion with the Southern District of Iowa or that such a motion was denied by that court.

As discussed previously, the fact that a petitioner has missed the one-year statute of limitation for filing a § 2255 motion does not render § 2255 either "inadequate or ineffective as a remedy. Holland v. Pontesso, 234 F.3d 1277. Moreover, here, unlike Holland, it does not appear that Petitioner ever actually filed the motion, which would, at a minimum, have afforded the court of conviction an opportunity to rule on Petitioner's motion. This defect is especially significant because the one-year limitation period for filing a § 2255 motion may be equitably tolled when extraordinary circumstances beyond the petitioner's control prevent him from filing a timely § 2255 motion. Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997). By never raising his equitable tolling argument in the court of conviction, and, indeed, by never raising the § 2255 challenge to his conviction in the first instance in that court, Petitioner seeks to effectively circumvent the entire process established by 28 U.S.C. § 2255 and place those issues directly before this Court.

Finally, as the Ninth Circuit has explained, it is not enough that a petitioner is presently barred from filing a § 2255 motion, he must *"never have had* the opportunity to raise" his claim by motion. Clearly, in this case, Petitioner had an opportunity to file a § 2255 motion in the Southern District of Iowa; he simply chose not to do so once the one-year period had expired.

Thus, for all of the reasons set forth above, Petitioner's use of habeas corpus to challenge his conviction in the Southern District of Iowa in this Court, is improper. Ivy, 328 F.3d at 1060. In sum, should Petitioner wish to pursue his claims in federal court, he must do so by way of a

motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus (Doc. 1), be DISMISSED.

This Findings and Recommendations is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy of this Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **May 4, 2011**                              /s/ Jennifer L. Thurston
                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] A petition for writ of habeas corpus pursuant to § 2255 *must be filed in the court where petitioner was originally sentenced*. In this case, Petitioner challenges a sentence adjudicated in the United States District Court for the Southern District of Iowa. Thus, that court is the proper venue for filing a petition for writ of habeas corpus pursuant to § 2255.